# EXHIBIT A

Filing # 128803174 E-Filed 06/15/2021 03:38:52 PM

Benjamin Young – 274
07 / 13 / 2021

## IN THE COUNTY COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

Anne Bocash,

      Plaintiff,

v.

Portfolio Recovery Associates, LLC

      Defendant.

_____/

CASE NO.: 2021-SC-001847

**ZOOM INSTRUCTIONS**

Use this link or phone number to attend the hearing:
https://zoom.us/j/97703172123
Meeting ID: 977 0317 2123
Call-in Instructions: 1-786-635-1003
Meeting ID: 977 0317 2123

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S):

Anne Bocash
c/o Kuhn Raslavich, P.A.
2110 West Platt Street
Tampa, FL 33606

Portfolio Recovery Associates, LLC
c/o CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**VIA ZOOM (INSTRUCTIONS ABOVE)**

YOU ARE HEREBY NOTIFIED that you are required to appear ███████ or by attorney ███████

███████████████████████████████████████████████████████████████████

on ___AUGUST 27___, at ___9:30___ A m, for a PRETRIAL CONFERENCE before a judge of this court.

### IMPORTANT--READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

**DATED** at_____**GAINESVILLE**___Florida, on _____**JUNE 21, 2021**_____

_Michene Thompson_

Deputy Clerk

J.K. "JESS" IRBY, ESQ.

As Clerk of the County Court

AMERICANS WITH DISABILITIES ACT. If you are a person with a disability who needs any accommodation in order to participate in a court proceeding or event, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: ADA Coordinator, Human Resources, ALACHUA County Courthouse; at least 7 days before your scheduled court appearance, or immediately upon receiving notification if the time before the scheduled court appearance is less than 7 days. If you are hearing or voice impaired, call 711 to reach the Telecommunications Relay Service.

Filing # 127662964 E-Filed 05/27/2021 11:53:03 AM

**IN THE COUNTY COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

Anne Bocash,

     Plaintiff,

v.                                     Case No.:

Portfolio Recovery Associates, LLC,

     Defendant.

_____/

**STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL**

Plaintiff Anne Bocash ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, Portfolio Recovery Associates, LLC ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

**NATURE OF THE ACTION**

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692c(b) of the FDCPA provides that "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."[1]

5. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v.*

---

[1] The exceptions listed in section 1692b of the FDCPA are inapplicable in this case.

*Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also, Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

6. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

## II.    THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7. "The Florida Consumer Collection Practices Act is a láudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

8. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> […]

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

Fla. Stat. § 559.72.

9.  In applying and construing the FCCPA, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5).

10. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

11. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

12. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA and FCCPA.

13. Venue in ALACHUA County is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is natural person, and a citizen of the State of Florida, residing in ALACHUA County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

16. Defendant does business in Florida.

17. Defendant holds itself out as a business providing debt collection services and identified itself as a debt collector when communicating with Plaintiff.

18. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

22. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

23. At all times material hereto, Defendant was subject to the FCCPA. *See, e.g., Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

24. Plaintiff is alleged to owe a financial obligation (hereinafter the "Alleged Debt").

25. The Alleged Debt consists of amounts allegedly due for consumer/personal purchases.

26. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

27. On or about July 21, 2020, Defendant caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of

Defendant's Collection Letter is attached hereto as "Exhibit A".

28. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

29. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

30. Upon information and belief, Defendant did not generate, print and/or transmit Defendant's Collection Letter to Plaintiff. Instead, Defendant outsourced the generation, printing, and/or transmission of Defendant's Collection Letter to a third-party vendor (hereinafter "Vendor").

31. In connection with Defendant's above-described outsourcing, Defendant communicated to Vendor information regarding Plaintiff's alleged debt including, but not limited to, Plaintiff's name, address, status as an alleged debtor, alleged account balance, alleged account number, and/or alleged creditor.

32. Plaintiff did not consent to Defendant's communication with Vendor.

33. The information communicated to Vendor by Defendant affects Plaintiff's reputation.

34. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I – VIOLATION OF THE FDCPA

35. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

36. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FDCPA, to wit:

    a. Section 1692c(b) by communicating, in connection with the collection of any debt,

with any person other than the consumer, his attorney, a consumer reporting agency

if otherwise permitted by law, the creditor, the attorney of the creditor, or the

attorney of the debt collector, without Plaintiff's prior consent given directly to

Defendant. *See, e.g., Hunstein v. Preferred Collection and Mgt. Services, Inc.*, 19-

14434, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

37. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to

Plaintiff that is concrete and particularized in that Plaintiff's statutory right to privacy with

respect to Plaintiff's financial information has been violated. *Hunstein v. Preferred

Collection and Mgt. Services, Inc.*, 19-14434, 2021 WL 1556069, at *4 (11th Cir. Apr. 21,

2021)("Notably, the FDCPA's statutory findings explicitly identify "invasions of

individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. §

1692(a). And to that end, the statutory provision under which Hunstein has sued here

expressly prohibits a debt collector from "communicat[ing]" with any but a few persons or

entities "in connection with the collection of any debt." *Id.* § 1692c(b). Although §

1692c(b) isn't identical in all respects to the invasion-of-privacy tort, we have no difficulty

concluding that it bears "a close relationship to a harm that has traditionally been regarded

as providing a basis for a lawsuit in English or American courts." *Spokeo*, 136 S. Ct. at

1549."); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir.

2016)("Church has alleged that the FDCPA governs the letter at issue, and thus, alleges

she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently

alleged that she has sustained a concrete—*i.e.*, 'real'—injury because she did not receive

the allegedly required disclosures. The invasion of Church's right to receive the disclosures

is not hypothetical or uncertain; Church did not receive information to which she alleges

she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ——, 136 S.Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373, 102 S.Ct. 1114. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.")(internal footnotes omitted); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health. Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

38. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCCPA

39. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

40. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FCCPA, to wit:

    a. Section 559.72(5) by Disclosing to a person other than the Plaintiff or her or his family information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

41. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

42. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

    (a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

    (b)    Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

    (c)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (d)    A declaration that Defendant's collection effort as detailed herein violate the FCCPA;

    (e)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and

Fla. Stat. § 559.77(2); and

(f)     Any other relief that the Court deems appropriate and just under the circumstances.

DATED: May 27, 2021

        Respectfully submitted by:

        */s/ Benjamin W. Raslavich*
        **BENJAMIN W. RASLAVICH, ESQ.**
        Florida Bar No.: 0102808
        **KUHN RASLAVICH, P.A.**
        2110 West Platt Street
        Tampa, Florida 33606
        Telephone: (813) 422 – 7782
        Facsimile: (813) 422 – 7783
        ben@theKRfirm.com
        Counsel for Plaintiff



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Notice: See Reverse Side for important information.

DEPT 922
PO BOX 4115
CONCORD CA 94524

Account Number: ▒▒▒▒3706    001

Payment Amount:

CHANGE SERVICE REQUESTED

ALINE BOCASH
2495 NE 4TH AVE
GAINESVILLE FL 32641-5986

Pay Online at www.PRApay.com
or mail to:

PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541



MAKE ALL CHECKS PAYABLE TO: PORTFOLIO RECOVERY ASSOCIATES LLC

SEND ALL PAYMENTS TO: PORTFOLIO RECOVERY ASSOCIATES, LLC, P.O. Box 12914, Norfolk, VA 23541

HOURS OF OPERATION: Mon. to Fri. 8am - 11pm, Sat. 8am - 8pm, Sun. 11pm - 10pm (EST)

FOR THE HEARING IMPAIRED: TDD: 1-800-826-1120

COMPANY ADDRESS: Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502.

DISPUTES: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502

DISPUTES E-MAIL ADDRESS: PRA_Disputes@portfoliorecovery.com

QUALITY SERVICE AVAILABLE Mon. - Fri. 8 AM to 6 PM (ET)
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at 1-800-772-1413 or by e-mail at PRACustomerCare@portfoliorecovery.com

NOTICE: If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

Filing # 127662964 E-Filed 05/27/2021 11:53:03 AM

### IN THE COUNTY COURT OF THE EIGHTH JUDICIAL CIRCUIT
### IN AND FOR ALACHUA COUNTY, FLORIDA

Anne Bocash,

      Plaintiff,

vs.                                                                 CASE NO.:

Portfolio Recovery Associates, LLC,

      Defendant.

_____/

### DESIGNATION EMAIL ADDRESS FOR SERVICE OF COURT DOCUMENTS

KUHN RASLAVICH, P.A., by and through the undersigned attorneys, hereby designate the following email addresses for use pursuant to the Florida Rule of Judicial Administration 2.516:

Ben@thekrfirm.com

Clay@thekrfirm.com

Service1@thekrfirm.com

### CERTIFICATION OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

DATED: May 27, 2021

_/s/ Clayton Kuhn_
**CLAYTON T. KUHN, ESQ.**
Florida Bar No.: 97982
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, FL 33606
Telephone: (813) 422-7782
Facsimile: (813) 422-7783
clay@thekrfirm.com
Counsel for Plaintiff

_/s/ Benjamin W. Raslavich_
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, FL 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@thekrfirm.com
Counsel for Plaintiff